GEO. H. BOWMAN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9961. Promulgated June 17, 1927.

The cost of permanent improvements voluntarily made to leased premises by a tenant at will, which continued to occupy the premises beyond the taxable year in which such expenditures were made, was not deductible in its entirety within the taxable year as an ordinary and necessary expense.

*Chester A. Gwinn, Esq.*, and *Adrian C. Humphreys, Esq.*, for the petitioner.

*W. Frank Gibbs, Esq.*, for the respondent.

The Commissioner determined a deficiency of $7,669.66 in income and profits tax for the fiscal year ending January 31, 1921. The petitioner assigns a number of errors, all of which were withdrawn except the claim that the Commissioner erred in refusing to permit it to deduct in the taxable year as an ordinary and necessary business expense the sum of $7,084.79 representing the cost of permanent improvements made to leased premises.

Petitioner contends that inasmuch as its tenancy of the premises was from month to month the total expenditure was a deductible expense within the taxable year.

The position of the Commissioner is that the cost of improvements was not an ordinary and necessary business expense within the year and since the petitioner's tenure was indefinite in duration the cost of improvements should be exhausted in the taxable year upon the basis of the useful life thereof. The facts are found as stipulated.

### FINDINGS OF FACT.

The petitioner is a corporation organized and existing under the laws of the State of Ohio with its principal office at Cleveland. Its

business is that of manufacturer, importer, wholesaler and retailer of chinaware, glassware, and kindred articles, and, as such, requires considerable storage space to carry its stock in trade.

During the fiscal year ended January 31, 1921, petitioner rented for storage purposes a five-story building, 50 by 100 feet, known as the Eagle Street Warehouse, owned by Augusta B. Bowman, who is a stockholder of the petitioner to the extent of owning 490 shares out of the total 5,067 shares of stock issued and outstanding. Augusta B. Bowman is the wife of George H. Bowman, who, during the taxable year, owned more than 50 per cent of the outstanding issued capital stock of the petitioner corporation.

The petitioner has not and did not have during the taxable year a lease on the Eagle Street Warehouse but occupied the same as a month-to-month tenant, paying therefor a monthly rental of $1,750. There is not now and there has never been any definite arrangement as to the duration of the petitioner's tenancy of said warehouse nor for the reimbursement of the petitioner for any amounts expended by it for repairs, improvements or betterment of said Eagle Street Warehouse.

During the fiscal year ended January 31, 1921, the petitioner, in order to better adapt the building to its needs as a storehouse, made certain improvements such as erecting partitions, installing an elevator, etc., more specifically described as follows:

| | |
|---|---:|
| W. J. Rossborough, elevator equipment | $90.00 |
| Do | 490.00 |
| Do | 138.00 |
| Chafer Co., plumbing | 214.50 |
| Do | 160.31 |
| Do | 93.24 |
| Do | 129.07 |
| Reister & Thesmacher, fire doors | 200.00 |
| Jas. B. Hatton, plumbing | 208.00 |
| Do | 260.00 |
| Cleveland buildings, brick and sand | 215.96 |
| Supply Co., brick and sand | 120.50 |
| W. F. Hyde Co., partitions | 99.74 |
| A. J. Hanson, contractors | 1,290.86 |
| A. J. Hanson, work | 1,925.39 |
| Do | 1,449.12 |
| Total | 7,084.69 |

All of the foregoing improvements are of a fixed nature and can not be economically removed by the petitioner upon vacating the building but must be regarded as forming a part of the realty. The improvements were necessary in carrying on petitioner's business.

In its income and profits-tax return for the fiscal year ending January 31, 1921, the petitioner deducted from gross income " Im-

provements, $7,084.69," on account of the improvements to the building in question as set forth above. This deduction was disallowed by the Commissioner and the deficiency results in part from such action.

### OPINION.

LITTLETON: Petitioner occupied the Eagle Street Warehouse and used it in carrying on its business without having a lease for any stated period of time; its tenancy was indefinite, no arrangement being made between it and the owner of the property as to such occupancy, other than that petitioner should pay monthly rental of $1,750 which apparently had no relation to the improvements in question. The owner of the building was a stockholder of the corporation and her husband owned more than 50 per cent of petitioner's outstanding stock but, regardless of this fact, we think under the facts in this proceeding that the Commissioner was correct in allowing petitioner a deduction in the taxable year of only a reasonable allowance for the exhaustion of the cost of improvements on the basis of the useful life. The additions and improvements in question had a useful life in petitioner's business of more than a year and were of a capital nature. In order, therefore, for petitioner to become entitled to a deduction in the taxable year on account of the expenditure in question of an amount in excess of a reasonable allowance for the exhaustion, wear and tear thereof, it must be clearly shown that the use of such improvements in petitioner's business will terminate prior to the end of their ordinary useful life. This has not been shown. The duration of petitioner's tenancy of the building was indefinite and indeterminable. It occupied the premises at the will of the lessor and until it appears that petitioner's tenancy will end at some definite time, it is entitled to a deduction in the taxable year of no more than a reasonable allowance for the exhaustion of the cost of improvements over the useful life thereof. If petitioner's tenure extends over the period of the useful life of the improvements it will have recovered its cost through the annual allowance for exhaustion; if the tenure should for any reason terminate prior to the useful life of the improvements petitioner will then be entitled to a deduction from gross income of the unextinguished cost of such improvements. In either event petitioner will have obtained the deduction to which, under the statute, it is entitled. *Walle & Co., Ltd.*, 1 B. T. A. 1064. *Sentinel Publishing Co.*, 2 B. T. A. 1211. *Thatcher Medicine Co.*, 3 B. T. A. 154. *William Scholes & Sons, Inc.*, 3 B. T. A. 598. *William Greilich & Sons, Inc.*, 3 B. T. A. 1333.

*Judgment will be entered for the respondent.*